425 P.2d 695 (1967)
TRUSTEES OF the POLICE PENSION BOARD OF AURORA, Colorado, Plaintiff in Error,
v.
Henry R. PUTNAM, Defendant in Error.
No. 22137.
Supreme Court of Colorado, En Banc.
March 27, 1967.
Dissenting Opinion April 17, 1967.
Rehearing Denied April 17, 1967.
*696 John P. Gately, Aurora, for plaintiff in error.
Jorge E. Castillo, Denver, for defendant in error.
DAY, Justice.
We will refer to the plaintiff in error, Trustees of the Police Pension Board of Aurora, Colorado, as the Board, and to the defendant in error by name.
Putnam was a police officer employed by the City of Aurora. While so employed Putnam was accused of unlawful conduct and his employment was accordingly terminated by the city. It is undisputed that Putnam, as a result of accusations made against him, suffered a nervous disorder described by a psychiatrist as a reactive depression caused by the charge made against him. It is not denied that his condition is disabling and would entitle him to the pension except for the fact that the Board made a determination "That the conduct of which the petitioner was accused is not the lawful performance of a police officer's duty, or by reason of his service, as a police officer." The Board then made its ruling: "IT IS THEREFORE ORDERED AND DETERMINED that the petition of Henry R. Putnam be and the same is hereby denied."
Putnam then, by certiorari, petitioned the district court of Arapahoe County to review the action of the Board. The trial court found:
"* * * that the accusations against the plaintiff [Putnam] were made by reason of his service as a police officer and that the plaintiff's [Putnam] disability arose by reason of his service as a police officer."
The court further found that the Board denied plaintiff's application for a pension:
"* * * solely because of the accusations made against the plaintiff [Putnam], and the Board unlawfully predicated its denial of plaintiff's [Putnam] application for a pension upon the fact of a mere accusation unsupported by any evidence, and an accusation is not sufficient to predicate a denial of petitioner's rights."
The court found:
"* * * the record does not reflect that there was any such conduct on the part of plaintiff [Putnam] nor any evidence that the plaintiff in fact was guilty of the misconduct of which he was accused; and the Board cannot assume, in the absence of any evidence to that effect, that the plaintiff was in fact guilty of the alleged misconduct."
The trial court entered judgment for Putnam and ordered the Board to set aside and hold for naught its order and to substitute therefor the following:
"IT IS THEREFORE ORDERED AND DETERMINED that the petition of Henry R. Putnam be and the same is hereby granted."
To this judgment and order the Board has sued out its writ of error.
We, as did the trial court, have examined the complete record of the proceedings before the Board. We find therein no testimony *697 by persons making the accusation and no evidence as to the truth or falsity thereof. We find in the record admissions that these accusations so unnerved Putnam that he suffered the disorder which is the source of his disability. Without any evidence the Board was not in a position to make a finding, as it did, that he, in the course of his employment, committed some unlawful act.
In Colorado State Board of Nurse Examiners v. Hohu, 129 Colo. 195, 268 P.2d 401, involving an administrative hearing in which there was no evidence to support the charge against a nurse, we said:
"* * * Courts are not to be impotent, stand idly by, and allow unrestricted exercise of authority by Boards, not granted by statute, or permit the arbitrary and unjustified exercise of discretion."
The judgment of the trial court is affirmed and the cause is remanded to the trial court with instructions to return the matter to the Pension Board for entry of the trial court's order granting Putnam's petition.
McWILLIAMS, J., dissents.
PRINGLE, J., not participating.
McWILLIAMS, Justice (dissenting).
I respectfully dissent, as I would reverse the trial court and would approve the action of the Trustees denying Putnam's claim for a pension.
On July 11, 1960 Putnam was informed by the police chief that he, Putnam, had been accused of molesting several children. Putnam initially reacted to this accusation by submitting a letter of resignation. Later, on the same day, Putnam, after consulting a lawyer, withdrew his resignation and filed a formal application for his retirement with a pension.
After making an investigation of the matter, the police chief on July 12, 1960 terminated Putnam's employment as a police officer, the dismissal being "for cause, misconduct unbecoming an officer with the evidence I had."
Thereafter, Putnam was charged with the crime of indecent liberties in a number of criminal informations filed in the district court for Adams County. Putnam entered a plea of nolo contendere in one of these criminal cases and in connection therewith was placed on probation. The other criminal charges were later dismissed.
Putnam did not in any manner "appeal" his discharge from the department, and the present writ of error relates only to Putnam's claim for a disability retirement pension. In connection with this application for a pension, Putnam's general "theory of the case" was that he had suffered mental depression and nervous disorders as a result of the accusations against him of misconduct, which accusations had theretofore formed the basis for his discharge from the police force.
The Trustees denied the Putnam claim on the general ground that he had failed to prove his mental and nervous problems were "service incurred," and that one who incurs an injury because of misconduct is not entitled to a retirement pension. I agree with the Trustees' handling of the matter. It is Putnam, of course, who has the burden of establishing his right to a pension. In other words, he must prove that his nervous problems were service incurred and not the result of any misconduct on his part. This, in my view, he failed to do. In fact, as I read the record, at the several hearings in connection with his claim for a pension Putnam never did come right out and deny the truth of the accusations against him.
In summary, we have the somewhat anomalous situation of a policeman who is fired for misconduct, but who is thereafter awarded a pension for a nervous disorder occasioned by the very misconduct which formed the basis for his discharge.